IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT M. DAVIDSON, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0471 |
| | § | |
| JAY GROSSMAN, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on several motions seeking dismissal for a variety of reasons. *See* Motion to Dismiss by Anthony Tartaglia and Albany Medical College ("AMC") ("AMC Motion") [Doc. # 9]; Motion to Dismiss by Jay Grossman, Eudice Grossman, and Bruce Heurling ("Grossman Motion") [Doc. # 18]; Motion to Dismiss by Joseph C. Mello, DVA Renal Healthcare, Inc. ("DVA"), Vivra Holdings, Inc. ("Vivra"), Gambro Healthcare, Inc. ("Gambro"), Davita, Inc. ("Davita"), Gayle F. Petrillo, Charles W. Ott, Kent J. Thiry ("Davita Defendants Motion") [Doc. # 42]; Motion to Dismiss by Sepracor, Inc. ("Sepracor") ("Sepracor Motion") [Doc. # 37]; and Motion to Dismiss by Michael J. Meehan ("Meehan Motion") [Doc. # 41]. Plaintiffs filed a Consolidated Response [Doc. # 56] and an Appendix of exhibits [Doc. # 57]. Replies were filed by Meehan [Doc. # 61], Sepracor [Doc. # 62], and AMC [Doc. # 63]. The Court has carefully reviewed the full record in this case. Based on

this review and the application of governing legal authorities, the Court grants the Motions to Dismiss and **dismisses** this case for improper venue as to all defendants.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Robert M. Davidson and his wife, Vanessa E. Komar, are currently residents of Texas.  They filed this lawsuit *pro se* against Jay Grossman, Eudice Grossman, Gayle F. Petrillo, Charles W. Ott, Joanne C. Wray, Kent W. Thiry, Joseph C. Mello, Michael J. Meehan, Bruce R. Heurlin, Anthony P. Tartaglia, DVA, AMC, Vivra, Gambro, Davita, and Sepracor.  Plaintiffs assert three counts of alleged RICO[1] violations and a variety of other state and federal claims.

Plaintiffs' claims all stem from their employment at a Vivra research facility in Tucson, Arizona.  Generally, Plaintiffs allege that Defendants conspired to commit insurance and research fraud, and that they fraudulently induced Plaintiffs to accept employment at the Vivra facility.  This is the third lawsuit in which Plaintiffs have asserted these claims against some of these Defendants.  The first such lawsuit, filed in the United States District Court for the District of Arizona, was dismissed in November 2003.  The dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit, and Plaintiffs' petition for a writ of certiorari to the United States Supreme Court was denied, as was Plaintiffs' petition for rehearing.

---

[1]      Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*.

Plaintiffs then filed the same RICO claims against some of the same Defendants in the United States District Court for the Northern District of Texas. There, the Honorable Barbara Lynn, dismissed the lawsuit on January 5, 2007.

Plaintiffs then filed the same RICO claims against the current Defendants, some of whom were Defendants in Judge Lynn's case, on February 2, 2007. Plaintiffs assert that venue in the Southern District of Texas is appropriate under either 28 U.S.C. § 1391(b)(2) or the special venue provision for RICO claims, 18 U.S.C. § 1965.

Defendants argue, *inter alia*, that venue here is improper. Once Defendants have raised a proper objection to venue in this judicial district, Plaintiffs bear the burden of proof to establish that the venue they have chose is proper. *McCaskey v. Continental Airlines, Inc.,* 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *Smith v. Fortenberry,* 903 F. Supp. 1018, 1019-20 (E.D. La. 1995); *French Transit, Ltd. v. Modern Coupon Sys., Inc.,* 858 F. Supp. 22, 25 (S.D.N.Y. 1994). The burden is on the plaintiff to institute an action in the proper place, because "[t]o hold otherwise would circumvent the purpose of the venue statute – it would give plaintiffs an improper incentive to attempt to initiate actions in a forum favorable to them but improper as to venue." *Delta Air Lines, Inc. v. W. Conference of Teamsters Pension Trust Fund,* 722 F. Supp. 725, 727 (N.D. Ga. 1989). Therefore, Plaintiffs bear the burden to establish that the Southern District of Texas is an appropriate venue for this action.

## II.   VENUE UNDER 28 U.S.C. § 1391

For venue to be proper where jurisdiction is not founded solely on diversity of citizenship, *except as otherwise provided by law*, a civil action may be brought only in:

> (1)   a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2)   a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3)   a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added).

Plaintiffs do not allege that all defendants reside in the same State. Indeed, Plaintiffs allege that certain Defendants reside in Arizona, others in California, others New York, and still others elsewhere. Because Defendants reside in different states, Plaintiffs cannot establish venue in this district under 28 U.S.C. § 1391(b)(1).

Plaintiffs allege that a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Texas.[2] Plaintiffs allege that Defendants defrauded Medicare, Medicaid, and other third party insurers in multiple states

---

[2]   In response to Defendants' motions to dismiss, however, Plaintiffs rely solely on the special venue provision for RICO claims. *See* Consolidated Response, at 9.

including Texas; that they defrauded clinical research subjects in multiple states; that they defrauded specialty practice patients in multiple states; that they defrauded clinical research subinvestigators in multiple states including Texas; that they defrauded clinical research coordinators in multiple states, and that they defrauded the United States. Plaintiffs do not, however, identify any specific conduct giving rise to this lawsuit that allegedly took place in Texas. The insurance, research, and employment fraud was allegedly carried out at a research facility run by Vivra in Tucson, Arizona, where Davidson was employed between 1998 and 1999.[3] Plaintiffs' alleged injuries stem from their employment at Vivra and, therefore, a substantial part of the events or omissions occurred in Arizona, not in the Southern District of Texas. Consequently, venue pursuant to 28 U.S.C. 1391(b)(2) is not proper in this district.

The final section, § 1391(b)(3), would permit venue in this district only if there is "no district in which the action may otherwise be brought." Because this lawsuit could be brought in Arizona where a substantial part of the events occurred, § 1391(b)(3) does not permit venue in this district. Plaintiffs have not shown that venue in this district is proper under 28 U.S.C. § 1391.

---

[3] Amended Complaint, at 28, ¶ 8.103; *id.* at 30, ¶ 14. Davidson mentions a classified ad in the *Tuscon Citizen* on July 15, 1998 that he claims was intended to induce him into employment, and he alleges that he was constructively terminated on May 11, 1999. It is unclear from the Amended Complaint when Vanessa Komar, his wife and a nurse at Vivra, began or ended her employment with Vivra.

### III. <u>VENUE UNDER RICO STATUTE</u>

Plaintiffs maintain that they are entitled to venue in this district pursuant to the RICO statute's special venue provision. That section provides for venue:

> (a) . . . against any person . . . in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.
>
> (b) . . . in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court . . . .

18 U.S.C. § 1965.

Plaintiffs allege that DVA, Gambro, and Sepracor reside, are found, have an agent, or transact business in the Southern District of Texas.[4] Assuming, without finding, that the allegations regarding the presence of these three Defendants in this district to be true, venue would be proper as against these Defendants under 18 U.S.C. § 1965(a) only if Plaintiffs properly assert a RICO claim against them.

#### A. <u>RICO Claims Against Defendants In Northern District Case</u>

Plaintiffs' RICO claims, here and in the Northern District of Texas case, are based on insurance and research fraud and fraudulent hiring and retention inducements. The basic elements of a civil RICO claim are (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or

---

[4] Amended Complaint, at 2, ¶ 2.

control of an enterprise. *Abraham v. Singh,* 480 F.3d 351, 355 (5th Cir. 2007). Moreover, RICO Plaintiffs must be the proper Plaintiffs – "the central question [the Court] must ask is whether the alleged violation led directly to the plaintiff's injuries." *Anza v. Ideal Steel Supply Corp.,* __ U.S. __, 126 S. Ct. 1991, 1994 (2006). One is not a proper RICO plaintiff if the alleged fraud was not directed to that individual. *Id.* at 1997.

Defendants Jay Grossman, Eudice Grossman, Gayle F. Petrillo, Charles W. Ott, AMC, Vivra, Gambro, and Joanne C. Wray were named as Defendants in Plaintiffs' civil RICO case in the Northern District of Texas. In that case, Judge Lynn issued an oral ruling, holding that Plaintiffs did not state a direct injury flowing from the alleged insurance and research fraud and, as a result, Plaintiffs' only RICO injury arose, if at all, from the alleged fraudulent inducement leading to the 1998 hiring of Davidson to work at the Vivra facility. Judge Lynn then held that the allegedly fraudulent hiring was "essentially a single act . . . that does not establish a predicate act under RICO." *See* Transcript of Hearing Before Judge Lynn, Exh. 4 to Doc. # 14, p. 51. Having held that Plaintiffs failed to state a viable RICO claim against the named Defendants, Judge Lynn ruled that venue was not proper in the Northern District of Texas and dismissed the case. Because the venue ruling was based on her holdings regarding the civil RICO claims, Judge Lynn clearly advised Plaintiffs that the dismissal was "with prejudice to

refiling based on these allegations." *See id.*, p. 53. Plaintiffs did not file a timely notice of appeal to the Fifth Circuit from Judge Lynn's dismissal with prejudice of their civil RICO claims. Consequently, Judge Lynn's ruling is final and unappealable. As a result, the RICO claims against the Defendants named in the Northern District of Texas case are barred by Judge Lynn's clear ruling dismissing them with prejudice,[5] and they cannot provide a basis for application of RICO's special venue provision.

**B.     New Defendants in This Case**

All other Defendants have been named for the first time in this lawsuit. Civil RICO claims are governed by a four-year statute of limitations. *See Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987); *Martinez Tapia v. Chase Manhattan Bank*, 149 F.3d 404, 411 (5th Cir. 1998); *Boulmay v. Rampart 920, Inc.*, 124 F. App'x 889, 891 (5th Cir. 2005). The statute begins to run when the plaintiff "knew of should have known of his injury" and not when the plaintiff discovers both a RICO injury and the pattern of racketeering activity. *See Boulmay*, 124 F. App'x at 891 (citing *Rotella v. Wood*, 528 U.S. 549, 553-54 (2000)).

---

[5]     Many of the Defendants in this case seek sanctions against Plaintiffs, citing Judge Lynn's admonition that Plaintiffs would be in violation of her dismissal order if they "were to essentially reassert what you have asserted here . . . ." *See* Transcript, Exh. 4 to Doc. # 14, p. 54. Because it is Judge Lynn's order that has been violated by Plaintiffs' refiling of their RICO claims against the same entities that were Defendants in her case, the request for sanctions should be presented to Judge Lynn.

Plaintiffs filed this lawsuit on February 2, 2007. It is clear from Plaintiffs' Amended Complaint and from the full record in this case that the civil RICO claims accrued many years before February 2, 2003, the beginning of the four-year limitations period applicable to the RICO claims. Plaintiffs allege that they suffered injury to their professional reputations through association with Defendants' fraudulent insurance and clinical research practices, and that Davidson would not have accepted and continued his employment with Vivra but for the fraudulent representations made to Davidson. *See* Amended Complaint, ¶ 14. Davidson's employment with Vivra ended in 1999, and Plaintiffs admit that they realized "they had sustained RICO injury . . . on or about February 20, 2001, by means of an FOI request." *See* Response [Doc. # 16], pp. 7-8.

Plaintiffs did not, however, assert RICO claims against Defendants Kent Thiry, Joseph Mello, Michael Meehan, Bruce Heurlin, DVA, Davita, Sepracor, or Tartaglia until February 2, 2007, well beyond the four-year statute of limitations. As a result, Plaintiffs' RICO claims against these Defendants are time-barred and cannot support venue under the special RICO venue provision.

## IV.  **CONCLUSION AND ORDER**

Venue is not proper under the general venue statute, 28 U.S.C. § 1391. Plaintiffs' RICO claims against the Defendants who were named in the Northern District of Texas case were dismissed with prejudice by Judge Lynn. Her ruling is now

final and nonappealable, and Plaintiffs cannot revive the dismissed claims by filing them here. Plaintiffs' RICO claims against the Defendants who were not named in the Northern District of Texas case are time-barred. As a result, Plaintiffs do not have a civil RICO claim in this case, and they cannot rely on RICO's special venue provision, 18 U.S.C. § 1965. Accordingly it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 9, # 37, # 39, # 41, and # 42] are **GRANTED**. The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this 5th day of **July, 2007**.

_____
Nancy F. Atlas
United States District Judge