IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT M. DAVIDSON, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0471 |
| | § | |
| JAY GROSSMAN, *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiffs Robert M. Davidson and Vanessa E. Komar's Motion to Alter or Amend Judgment ("Motion") [Doc. # 71]. For the reasons stated herein and in the Court's Memorandum and Order [Doc. # 69] entered July 5, 2007, the Motion is **denied**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Robert M. Davidson and his wife, Vanessa E. Komar, filed this lawsuit *pro se* against Jay Grossman, Eudice Grossman, Gayle F. Petrillo, Charles W. Ott, Joanne C. Wray, Kent W. Thiry, Joseph C. Mello, Michael J. Meehan, Bruce R. Heurlin, Anthony P. Tartaglia, DVA, AMC, Vivra, Gambro, Davita, and Sepracor. Plaintiffs assert three

counts of alleged RICO[1] violations and a variety of other state and federal claims, all stemming from Davidson's employment at a Vivra research facility in Tucson, Arizona.

The first lawsuit in which Plaintiff(s) asserted these claims against some of these Defendants was filed in the United States District Court for the District of Arizona, and was dismissed in November 2003. The dismissal was affirmed by the United States Court of Appeals for the Ninth Circuit. Plaintiffs' petition for a writ of certiorari to the United States Supreme Court was denied, as was Plaintiffs' petition for rehearing. The second lawsuit involving these same claims and some of the same Defendants was filed in the United States District Court for the Northern District of Texas. There, the Honorable Barbara Lynn, dismissed the lawsuit on January 5, 2007.

On February 2, 2007, Plaintiffs filed the same RICO claims against the current Defendants, some of whom were Defendants in Judge Lynn's case. Plaintiffs assert that venue in the Southern District of Texas is appropriate under either 28 U.S.C. § 1391(b)(2) or the special venue provision for RICO claims, 18 U.S.C. § 1965.

The Court dismissed this third lawsuit for improper venue. Venue was not proper under the general venue statute, 28 U.S.C. § 1391. Plaintiffs were unable to benefit from RICO's special venue provision, 18 U.S.C. § 1965, because Plaintiffs' RICO claims against the Defendants named in the lawsuit in the Northern District of

---

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq*.

Texas had been dismissed with prejudice and their RICO claims against the Defendants first named in this case were time-barred.

Plaintiffs then filed their Motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Motion is now ripe for decision.

## II.    APPLICABLE LEGAL STANDARD

"A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir.) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)), *cert. denied*, 543 U.S. 976 (2004). Rule 59(e) motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued [and] cannot be used to argue a case under a new legal theory." *Id.* "[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Id.* at 479. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a

judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III. ANALYSIS

Plaintiffs complain that the Court improperly "converted several motions seeking dismissal for a variety of reasons into essentially an '*omnibus*' motion for summary judgment." *See* Motion, p. 1 (italics in original). Contrary to Plaintiffs' contention, the Court did not convert the motions to dismiss into motions for summary judgment. Instead, the Court ruled on the parties' Motions to Dismiss, in which they asserted improper venue as a basis for dismissal, noting that the RICO claims against certain Defendants were dismissed with prejudice by Judge Lynn and that the RICO claims against the other Defendants were time-barred. For the reasons stated in the Court's prior ruling, venue in this district is improper and the case was correctly dismissed on that basis. As a result, the Motion is denied.

### IV. CONCLUSION AND ORDER

Venue is not proper under either the general venue statute, 28 U.S.C. § 1391, or RICO's special venue provision, 18 U.S.C. § 1965. The Court's prior ruling was correct and proper, and, as a result, it is hereby

**ORDERED** that Plaintiffs' Motion to Alter or Amend Judgment [Doc. # 71] is **DENIED**.

SIGNED at Houston, Texas, this **14th** day of **August, 2007**.

                                                            _____
                                                                        Nancy F. Atlas
                                                                United States District Judge